**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SCHOOL BOARD OF SEMINOLE**
**COUNTY, FLORIDA,**

                        **Plaintiff,**

-vs-                                             **Case No.  6:10-cv-1892-Orl-31GJK**

**STAR INSURANCE COMPANY and**
**CHARLES R. BARKER,**

                        **Defendants.**
_____

# ORDER

This matter comes before the Court on the Motion to Remand (Doc. 11) filed by the

Plaintiff, the School Board of Seminole County, Florida (the "School Board"), the response (Doc.

14) filed by Defendant Star Insurance Company ("Star Insurance"), and the reply (Doc. 20) filed

by the School Board.

> **I.      Background**

This is an insurance coverage dispute.  According to the allegations in the Complaint (Doc.

2), a bus owned by the School Board and driven by a School Board employee collided in April

2008 with an automobile owned (and driven) by Defendant Charles Barker ("Barker").

Barker contends that the school bus driver was negligent and that the School Board is responsible

for the injuries he suffered.

At the time the accident occurred, the School Board was insured by Star Insurance.  The

liability policy at issue has a coverage limit of $2 million per occurrence and includes a self-

insured retention of $100,000 per claimant. As a subdivision of the state of Florida, Seminole County's tort liability is capped, in most instances, at $100,000 per claimant. Fla. Stat. § 768.28(5). The same law also provides that judgment in excess of this amount may be entered against the county, with the excess being presented to the Florida Legislature for possible payment as a claims bill. Fla. Stat. § 768.28(5).

Barker has made a demand on the School Board in excess of the self-insured retention amount but less than the policy limit. The School Board and Star Insurance disagree as to the insurance company's obligation to resolve Barker's claim. Star Insurance contends that, under the terms of the policy, it has no obligation until (1) Barker obtains a judgment against the School Board in excess of $100,000 and (2) the State Legislature passes a claims bill in Barker's favor. The School Board contends that Star Insurance is obligated to attempt to negotiate a settlement with Barker right now, so as to avoid the possible entry of judgment and passage of a claims bill.

The School Board filed the instant suit in state court on November 12, 2010, seeking a declaration as to its rights and Star Insurance's obligations under the policy. The School Board also named Barker, a Florida citizen, as a defendant. On December 20, 2010, Star Insurance – a citizen of Michigan – removed the case to this court. Star Insurance argues that even though both the Plaintiff and Barker are treated as Florida citizens for jurisdictional purposes, diversity jurisdiction exists here because Barker was fraudulently joined.

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

No party contends that the amount in controversy here falls short of this jurisdictional minimum. However, Barker's presence destroys the required diversity. Thus the propriety of this removal turns on the issue of whether Barker was improperly joined.

When a plaintiff names a non-diverse defendant solely to defeat diversity jurisdiction, the court must ignore the presence of the non-diverse defendant and deny any motion to remand:

> The plaintiff is said to have effectuated a "fraudulent joinder," see *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962).[1]

*Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Star Insurance contends that the School Board cannot establish a cause of action against Barker, the resident defendant, because his interests and those of the School Board are aligned – they both seek the broadest interpretation of the insurance company's obligations under the policy. The School Board argues that Barker is a necessary party to this suit, because his interests may be affected by its outcome, and that he is necessarily a defendant because he is not in privity with Star Insurance. The first point is not contested, and the second point is not relevant. For jurisdictional purposes, the fundamental issue is not whether Barker is a party to the contract, but whether the School Board has any cause of action against him in this suit. The Complaint does not allege that

---

[1]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the School Board is entitled to any form of relief in regard to Barker.  The School Board does not argue that it is entitled to any such relief in its motion or in its reply to Star Insurance's response. Accordingly, the Court finds that it is appropriate to ignore Barker's citizenship for purposes of determining its jurisdiction.  In the absence of Barker, the parties are diverse, and removal was therefore proper.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 6) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 23, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

-4-